TALBOTT CHINN and HARVEY B. HART, Appellants, *v.* JAMES McCoy, for the use of Thomas Allingham, Appellee.

APPEAL FROM WARREN.

To an action brought upon a replevin bond, the makers of the bond may plead, that plaintiff ought not to recover more than nominal damages, because the property was that of the plaintiff in the original suit, that the merits of the case have not been tried, and showing why they were not, etc., going to a part of the action only, showing the facts on which the cause was tried ; and such plea will be good, under the statute of March 1st, 1847, entitled " An Act concerning Practice."

THIS was an action of debt, on a replevin bond given by defendant in a case determined April 25, 1856, in the Warren Circuit Court, wherein Talbott Chinn was plaintiff, and Thomas Allingham defendant.

The declaration sets out the proceedings in the replevin suit, to wit: the making of the affidavit, the issuing the writ of replevin, the making and delivery of the bond, with the bond *in hæc verba,* the service of writ, replevying and delivering property to Chinn, the appearance, pleading, joining issue and trial, and the judgment, which is stated as follows: * * " Such proceedings were had that said Thomas Allingham recovered of and from the said Talbott Chinn, one of said defendants, his costs in that behalf expended, and also had judgment of said amount for a return of said sorrell mare, as by the record * * * will more fully appear." The plaintiff then avers that a writ of *retorno habendo* on said judgment was issued, served on Chinn, and returned, as to the mare, not found; that Chinn has not paid the costs in the said replevin suit; that he has not

returned the mare ; that he has not saved and kept harmless the plaintiff in executing said writ of replevin.

At November term, A. D. 1857, the defendants filed three pleas, of which the second was " *non est factum,*" and the third " *nil debet,*" and the first a special plea.

The plaintiff took issue on the second and third pleas, but demurred generally to the first plea.

By the special plea defendants say " that the plaintiff ought not to recover more than nominal damages," " because they say the sorrel mare replevied," etc., " was, at the time of the trial " of said replevin suit, " the property of the plaintiff in said case, the said Talbott Chinn," " that the merits of the case have not been and were not determined in said case," and " to show why said merits were not determined," defendants set out that the said suit was an action of replevin to recover a certain sorrel mare, which the plaintiff in said case declared was his property and was wrongfully detained by the defendant ; that the defendant filed four pleas : 1st, " *Non detinet ;*" 2nd, " Property in defendant ; " 3rd, " Denying plaintiff's right of possession at the time when, etc. ; " 4th, " *Non cepit :* " that the plaintiff took issue by adding the *similiter* to the first and fourth pleas, and by specially denying the facts set up in the second and third pleas ; that the plaintiff on trial " proved conclusively that the property sued for was the property of the plaintiff in said case, as alleged in said declaration in said case," " which was not rebutted by any evidence on the part of the said defendant in that case."   The plea then sets out that the jury found for the defendant solely in consequence of the plaintiff's failure to prove a demand for the mare before the suit was brought, as the court instructed them, " and the right of property to the said mare was not determined in said suit."

The court sustained the demurrer to the first plea.

The bill of exceptions shows that the plaintiff offered in evidence :

1st.   The affidavit in replevin suit.

2nd.   The writ of replevin.

3rd.   The bond.

4th.   The record of judgment.

5th.   The writ of *retorno habendo.*

That defendants objected and excepted to the receipt of each of them.

That plaintiff then proved that the mare was worth $125, and that the use of her was worth $25, and that the costs were paid by defendant.   That court then found issues for the plaintiff, and defendants excepted at the time.

That defendants then moved for a new trial, but the court overruled the motion, and defendants excepted.

And now comes the said Talbott Chinn, and says that in the record and proceedings of the Circuit Court of Warren county in said case there is manifest and manifold error, and assigns for error the following causes :

1. Said court erred in sustaining the demurrer to defendants' first plea.

2. Said court erred in permitting said affidavit, writ, bond, judgment, record, and writ of *retorno habendo*, and each and either of them, to be read in evidence in said case.

3. The court erred in rendering judgment against defendants.

4. The court erred in overruling motion for new trial.

5. The court erred in not rendering judgment for defendants.

6. The court erred in admitting evidence of the use of the mare.

GEORGE F. HARDING, for Appellant.

GOUDY & JUDD, for Appellees.

BREESE, J. This was an action of debt on a bond given by Chinn, with Hart as his surety, in an action of replevin commenced by him in the Warren Circuit Court, for a certain sorrel mare, and there determined against him.

The declaration sets out the proceedings in the replevin suit ; making the affidavit ; issuing the writ of replevin ; the making and delivery of the bond, setting it out in *hæc verba ;* the service of the writ ; replevying and delivering the property of Chinn ; the appearance, pleading, issues and trial ; and the judgment, which was as follows, in conclusion : " such proceedings were had that the said Thomas Allingham recovered of and from the said Talbott Chinn, one of said defendants, his costs in that behalf expended, and also had judgment of said court for a return of said sorrel mare, as by the record now remaining in said court will more fully appear." The plaintiff then avers that a writ of *retorno habendo* was issued and returned, that the property was not found ; that Chinn has not paid the costs in the replevin suit ; that he has not returned the mare ; and that he has not saved and kept harmless the plaintiff in executing the writ of replevin.

To this declaration three pleas were filed ; the first a special plea, to which a demurrer was filed, and the plea was adjudged bad, and this is the only question in the case.

This plea is substantially as follows :

" And the said defendants come and defend the wrong and

Chinn et al. *v.* McCoy, use, etc.

injury, when, etc., and say that the plaintiff ought not to recover more than nominal damages in this case, because, they say, the sorrel mare replevied in the original action, etc., in which the bond in suit was given, was, at the time of the trial of the said cause, the property of the plaintiff in said cause, the said Chinn, and that the merits of the case have not been heard and were not determined in said case, and the defendants set out specifically and show why the merits were not determined in the said action of replevin ; that the said action was brought to recover the possession of a certain sorrel mare, particularly described in said declaration filed in the cause, which was averred therein to be the property of the plaintiff, and charged therein to be wrongfully detained by the defendant in the suit, as appears by the declaration filed, etc., and to which declaration the defendant filed his pleas one, two, three and four, the first of which was *non detinet*, designed to put in issue the detention of said property ; the second was property in the said defendant ; the third denied the plaintiff's right of possession of the property at the time of suit brought ; and the fourth plea was *non cepit*, as charged, etc., all of which appears, etc., and defendants aver that the plaintiff, in that case, joined issue on the first and fourth pleas, and replied to the second and third, denying the facts set up therein, and issue was joined, all of which appears, etc. ; and the said defendants aver that, on the trial of said cause, evidence was introduced by the plaintiff in said cause, proving conclusively that the property sued for was the property of the plaintiff in said cause, as alleged in the declaration, and which evidence was not rebutted by any evidence on the part of the said defendant therein.   But defendants aver that the jury in the cause found for the defendant therein, the plaintiff in this case, solely in consequence of the failure of the plaintiff in that cause to prove a demand on the defendant therein for the property before the commencement of the suit, and not for any other or different reasons, and the right of property to the said mare was not determined in said suit," concluding with a verification.

It will be perceived this plea does not go to the whole action, but to a part only—to the damages.   It does not bring up again for determination the right of the defendant, in replevin, to have a return of the property, but the question of damages only.

The plea is framed under the authority of the act of March 1, 1847, entitled " An Act concerning practice," Laws 1847, 62, which is as follows: " In all actions upon replevin bonds where the merits of the case have not been determined in the trial of the action of replevin in which the bond was given, the defendant may plead the above facts, and also his or her title to the property in dispute on the said action of replevin."

ᵛ This plea, then, is good in form and substance—purports to be to part of the action only, and shows, with legal precision, the facts on which the cause was tried, and why the merits of the case were not determined, and meets all the objections made in the case of *King et al.* v. *Ramsay*, 13 Ill. R. 622, and also the views of the court in *Warner* v. *Matthews*, 18 ibid. 83.

The judgment is reversed and the cause remanded.

*Judgment reversed.*