FRED E. SCHWEER, use, etc.,

v.

H. SCHWABACHER ET AL.

</div>

REPLEVIN—DAMAGES.—In suit on replevin bond, where the original replevin suit is dismissed without a trial of the merits, and *retorno* ordered, a failure to return the property in accordance with the judgment of the court constitutes a breach of the replevin bond, for which the obligee will be entitled to recover nominal damages and costs.

Schweer v. Schwabacher.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.  Opinion filed October 5, 1885

Mr. MILTON McCLURE, for appellant.

Messrs. HEWITT & SHACKER, for appellees.

CONGER, J.   On March 27, 1884, Henry C. Koness was indebted to H. and J. Schwabacher in the sum of $228.76, and, to secure the same, executed a chattel mortgage to them, mortgaging certain personal property then owned by him and in his possession.    Said mortgage, properly acknowledged, was duly recorded on the 28th of March, 1884.   On the 23d of April, 1884, Anna Mohlman, as administratrix of the estate of Henry Mohlman, obtained judgment before a justice of the peace against Koness for $103, and an execution immediately issued thereon and was delivered to Ira Crow, constable, who levied the same on the mortgaged property advertised, and was proceeding to sell the same.   The mortgage contained the usual insecurity clause, and before the sale the Schwabachers, claiming the ownership and possession of the property under the chattel mortgage, sued out, before a justice of the peace, a replevin writ against Crow, placing the same in the hands of Schweer, constable, to execute, and at the same time executed to Schweer the replevin bond sued on in this case.   Schweer executed the writ and delivered the property levied upon, and the same was mortgaged to Schwabachers, who sold the same for $92.50.

Upon the trial of the replevin suit before the justice, judgment was rendered against Crow, defendant, and he appealed to the Circuit Court of Cass county.   At the August term, 1884, of the circuit court, a jury was called to try the case, and before the jury retired to consider their verdict, Schwabachers dismissed their suit, and a writ of *retorno* was ordered. On the 29th of October, 1884, suit was brought before Geo. Volkmar, J. P., on the replevin bond in favor of Schweer for use of Mohlman, administratrix, etc., and judgment rendered against Ryan and Ellwood, securities on the bond, and the only parties

served, for $105 and costs; Ryan and Ellwood appealed to the circuit court where the appearance of the Schwabachers was entered, and who claimed the property under the chattel mortgage, and insisting that the merits of the case, as to who was entitled to the property, were not tried and determined at the August term, 1884, were permitted to try that question in this case, which, being tried by the court without a jury, judgment was rendered against the plaintiff in bar and for costs, and plaintiff appeals.

Upon the trial in the court below appellant objected to the introduction by appellees of their note and chattel mortgage upon two grounds.

First, that the merits of the case had been determined in the trial of the replevin suit. Secondly, that the note offered in evidence was fraudulent. Neither of these objections was well taken. The replevin suit having been dismissed before the jury retired to consider of their verdict, it was the duty of the court to render judgment against the plaintiffs in such suit for a return of the property as a necessary consequence of the dismissal, but the merits of the case as to the ownership of the property would not thereby be determined. Sec. 22, Chap. 119, R. S.

The second objection is based upon the fact as claimed, that the note secured by the chattel mortgage was not executed until some time after the making of the mortgage. The evidence shows an actual *bona fide* indebtedness at the time of the execution of the mortgage, which is clearly defined in the mortgage as to amount and date of payment. This was enough. A mortgage is good without any note. If a *bona fide* debt exists, and is sufficiently described in the mortgage to protect creditors and third parties from being misled, it is sufficient. Jones on Mort., Vol. 1, Sec. 353.

But the court erred in rendering judgment against appellant. He was clearly entitled to a judgment for nominal damages and costs. The dismissal of the replevin suit and failure to return the property in accordance with the judgment of the court, constituted a breach of the replevin bond, for which the obligee would be entitled to recover nominal

Schweer v. Schwabacher.

damages. Chinn v. McCoy, 19 Ill. 604; Stevison v. Earnst, 80 Ill. 513; Rankin v. Kinsey, 7 Bradwell, 215. For this error the cause will be reversed and remanded.

Reversed and remanded.