Colby v. O'Donnell.

# W. H. COLBY
v.
# P. P. O'DONNELL.

| 17 | 473 |
| 55 | 113 |
| 17 | 473 |
| 153s | 327 |
| 17 | 473 |
| 78 | 389 |
| 17 | 473 |
| 105 | 669 |

ASSIGNMENT—JURISDICTION OF COUNTY COURT.—Where an assignment had been made under the statute and the assignee had been appointed and was proceeding to execute the trust under the supervision of the county court, and appellee, claiming to be the owner of a part of the goods covered by the assignment, brought an action of replevin in the circuit court. *Held*, that the county court has exclusive jurisdiction. All such claims should be prosecuted to that court alone.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed December 4, 1885

Mr. A. N. J. Crook and Messrs. Patton & Hamilton, for appellant; as to jurisdiction, cited Freydendall v. Baldwin, 103 Ill. 325 ; Hanchett v. Waterbury, Chicago Legal News, Aug. 15, 1885, p. 412.

Messrs. Palmers, Robinson & Shutt and Messrs. Bradley & Bradley, for appellee.

Wall, P. J.   Vaughn made an assignment under the statute for the benefit of creditors.

Colby was appointed assignee, took charge of the property, and was proceeding to execute the trust under the supervision of the county court.   Subsequently O'Donnell, claiming to be the owner of a part of the goods covered by the assignment, brought an action of replevin therefor in the circuit court, against Colby, the assignee.

Judgment was rendered in favor of O'Donnell, and Colby brings the record here by appeal.

By virtue of the assignment the county court acquired full and exclusive jurisdiction to administer the estate of the insolvent, and to determine all conflicting claims, interests and priorities in regard to the property assigned.   The possession of the property was in the court, the relation of the assignee to the court in this respect being practically the same as that of a receiver, or an assignee in bankruptcy.

The jurisdiction of the county court having thus attached, it must not be interfered with by the process of other courts, at the instance of persons setting up adverse or exclusive rights to the fund or any part of it.

All such claims may be considered and decided by the county court, and to that court alone should they be prosecuted.   Mersinger v. Yager, 16 Bradwell, 260 ; Freydendall v. Baldwin, 103 Ill. 329 ; Hanchett v. Waterbury, Opinion Sup. Ct. Chicago Legal News, Aug. 15, 1885, page 412.

The judgment of the circuit court will be reversed and the cause remanded.

                                        Reversed and remanded.