W. H. COLBY, ASSIGNEE, ETC.,

v.

P. P. O'DONNELL ET AL.

*Replevin—Assignment—Jurisdiction of Circuit Court—Right to Try Title to Property in Action on Replevin Bond—Statute.*

Where a writ of replevin has been issued by a court without jurisdiction, the property must be returned to the one from whom it was wrongfully taken. If not so returned and action is brought on the replevin bond, the defendants can not, under Sec. 26, Chap. 129, R. S., try the title to the property in dispute.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. PATTON & HAMILTON, for appellant.

Messrs. PALMER & SHUTT, for appellee.

CONGER, P. J.    On the 3d of November, 1883, Vaughn made an assignment under the statute to Colby as his assignee, for the benefit of creditors, who, on the same day, took possession of the property described in the deed of assignment.    On the 12th of November, 1883, appellee, O'Donnell, in the Circuit Court of Sangamon County replevied a part of such property, and, upon trial in that court, recovered judgment for its possession.    Upon appeal this court reversed the judgment of the Circuit Court, on the ground that by virtue of the assignment the County Court acquired full and exclusive jurisdiction to determine the conflicting claims to the property between the assignee and O'Donnell.

That replevin suit was remanded to the Circuit Court and a judgment was there rendered in favor of Colby, and O'Donnell was ordered to return the goods to him; O'Donnell failing to make such return, this suit was brought by Colby against O'Donnell and his sureties on the replevin bond.

Appellee filed two pleas based upon the 26th section of chapter 119 of the Revised Statutes, alleging, in substance, that appellee O'Donnell was the owner of the property replevied when the writ was sued out, and that the merits of the case were not determined in the trial of the action in which the bond was given, giving the reasons why, and insisting under the statute upon his right to try the title to the property in this action.

A demurrer to these pleas was overruled, and appellant standing by his demurrer, judgment was entered in his favor for nominal damages only.

We are of the opinion that the 26th Section of Chapter 119 of the Revised Statutes, giving a defendant, when sued upon a

replevin bond, the right to try the title to the property in dispute, when the merits of the case have not been determined in the trial of the action in which the bond was given, necessarily implies that the court, in which the original suit in replevin was tried, had the power and jurisdiction to hear and determine the merits of the controversy. If it did not and therefore the writ of replevin had been improperly issued from such court, the property must be returned to the possession of the one from whom it was taken by the wrongful issue of the writ.

Although, as we have held in Colby v. O'Donnell, 17 Ill. App. 473, the Circuit Court had no jurisdiction to entertain the replevin suit, still it had the power and it was its duty to put the parties in *statu quo*, by ordering the property returned where it was found by the writ; and when appellee refused to obey such order, and is sued on his bond, we think this section has no application, and a defense can not be made under it. Otherwise he can do indirectly what he can not do directly, that is, try the question of the title to the property in the Circuit Court, when the law, as we have held and still think, permits that question to be determined alone by the County Court.

We think the Circuit Court erred, and its judgment will be reversed and the cause remanded.

*Reversed and remanded.*