## HENRY L. HERTZ, CORONER,

### v.

## CHARLES KAUFMAN.

*Replevin—Action on Bond.*

1. This court affirms a nominal judgment for the plaintiff in an action upon a replevin bond, the replevin suit having been dismissed for want of prosecution, and the goods not having been returned, the defense interposed that the goods were obtained upon false representations, with no intention to pay for them, being successful.

2. Evidence as to representations by the purchasers to other persons as well as the seller of the goods in question should be admitted in such cases.

[Opinion filed December 31, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. M. SALOMON, for appellant.

Messrs. MOSES, PAM & KENNEDY, for appellee.

MR. JUSTICE GARY. This action was by the appellant, upon a replevin bond executed to him by the appellee, as surety for the plaintiff in a replevin suit by one Louis Schwartz as plaintiff, and against Canute Matson and others as defendants.

Matson, as sheriff, had levied an execution upon goods bought by the firm of A. Diamond & Son from Schwartz, and Schwartz replevied them. The appellant was coroner and executed the replevin writ.

The replevin suit was dismissed for want of prosecution, and in this suit for the value of the goods replevied, which had not been returned upon the *retorno habendo*, the defense was that they had been obtained by Diamond & Son from

Schwartz, upon false representations, and with the intention to not pay for them. This defense was successful, and the appellant recovered a nominal judgment for the penalty of the bond, to be discharged upon the payment of one cent damages. This accords with Chinn v. McCoy, 19 Ill. 604, and many other cases.

The goods in controversy were bought on credit in the fall of 1889, and shipped in the following January.

The Diamonds were closed up by the sheriff March 28, 1890, upon executions issued on judgments by confession to the amount of $4,500 principal, upon judgment notes to two uncles and an aunt of one of the Diamonds. The record seems to indicate that the business has been resumed in the name of the wife of one of them. Upon such facts, a jury may be expected to find fraud if there be any evidence tending to show it. The trial was a fair one, no error of law in the instructions, and the evidence properly took a wide range as to the representations by the Diamonds, not only to Schwartz, but to other persons of whom they bought goods. Castle v. Bullard, 23 How. (U. S.) 172; McCasker v. Enright, 24 At. Rep. 249.

To go through the evidence and instructions would occupy too much space.

The judgment is affirmed.

*Judgment affirmed.*