## P. P. O'Donnell et al. v. W. H. Colby, Assignee, etc.

1. REPLEVIN—*Improper Use of Process.*—Where the plaintiff in a replevin suit has improperly used the process of the court to get possession of property, he must obey its orders to return the same if he would escape liability on his bond.

2. SAME—*Defendant Not Bound by Statement in the Affidavit as to Value of Property.*—In an action upon a replevin bond, the defendant can not be allowed to prove that the property was not worth the amount stated in the affidavit, although the plaintiff may show it to be of greater value.

3. SAME—*Where the Action Does Not Lie.*—An action of replevin will not lie for the recovery of property in the possession of an assignee, under an assignment for the benefit of creditors.

4. SAME—*Power of a Court Without Jurisdiction to Order a Return of the Property.*—While a Circuit Court has no jurisdiction of a replevin suit, brought by a party to recover possession of property in the custody of an assignee, under an assignment for the benefit of creditors, it has the power and it is its duty to put the parties in *statu quo*, by ordering a return of the property.

**Memorandum.**—Action upon a replevin bond. In the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Declaration in debt; judgment on demurrer to pleas (the pleas appear in the opinion of the court); defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

PALMER, SHUTT & DRENNAN, attorneys for appellants.

PATTON & HAMILTON, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment against the principal and surety upon a replevin bond.

The record in the original action of replevin, wherein the plaintiff recovered, was brought to this court and the judgment was reversed because, as was held, the Circuit Court was without jurisdiction of the property at the time the writ of replevin was sued out, being in the possession of Colby under a deed of assignment made by Vaughn for the benefit of his creditors. Colby v. O'Donnell, 17 Brad. 473. The replevin suit was afterward dismissed by the Circuit Court with an order for the return of the property, which order not being complied with, the present action was brought. The defense interposed by two special pleas was, that the merits of the original case had not been tried and that the title to the property was in O'Donnell, the plaintiff in the replevin suit. The Circuit Court overruled a demurrer to these pleas, and the plaintiff, electing to stand by the demurrer, judgment was in favor of plaintiff for nominal damages, from which an appeal was prosecuted by the

plaintiff, and that judgment was reversed by this court. Colby v. O'Donnell, 38 Ill. App. 196.

It was insisted then, on behalf of the present appellants, that the statute authorizing the defense set up by the pleas was applicable, but we then said:

" Although, as we have held in Colby v. O'Donnell, 17 Ill App. 473, the Circuit Court had no jurisdiction to entertain the replevin suit, still it had the power and it was its duty to put the parties in *statu quo*, by ordering the property returned where it was found by the writ, and when appellee refuses to obey such order, and is sued on his bond, we think this section has no application, and a defense can not be made under it. Otherwise, he can do, indirectly, what he can not do directly, that is, try the question of the title to the property in the Circuit Court, when the law, as we have held and still think, permits that question to be determined alone in the County Court."

The case having been remanded to the Circuit Court, the defendants therein, the present appellants, filed a plea denying the jurisdiction of the Circuit Court to try the suit on the ground that the property involved in the action of replevin was claimed by Colby, as assignee, and that the County Court had exclusive jurisdiction in the premises.

The Circuit Court sustained a demurrer to this plea. Leave was given to file three additional pleas. The first of these averred that, the County Court still having jurisdiction of the matter of the assignment proceedings, the said O'Donnell had, since the institution of the present suit, filed his petition in that court praying that it make an order upon the said assignee to dismiss this suit and to bring the replevin bond into that court, to which petition the assignee had filed his answer, that O'Donnell had filed his replication to said answer and that the issue thus raised was still pending in said County Court, wherefore the said assignee was barred from further prosecuting the present action.

The second and third additional pleas were in substance the same as the pleas that were before this court and considered in 38 Ill. App. *supra*.

O'Donnell v. Colby.

A demurrer was sustained to all these additional pleas and the appellants electing to stand by the pleas a default was entered and judgment rendered for the penalty of the bond to be discharged on payment of the damages, which were assessed at $2,000, the value of the property as stated in the affidavit for the writ of replevin, from which judgment the present appeal is prosecuted.

We adhere to the view expressed in 38 Ill. App. above quoted, that it was the right and duty of the Circuit Court to place the parties in *statu quo*. The plaintiff in the replevin suit having improperly used the process of the Circuit Court to get possession of property in the hands of the assignee, must obey its orders to return the property, and he can not escape liability on his bond for failure therein.

He will not be heard to say that the County Court has exclusive jurisdiction of the subject-matter of the property involved in the replevin suit and thus object to the jurisdiction of the Circuit Court in an action on the replevin bond.

Having by means of the process of the Circuit Court obtained possession of the property, he is amenable in that court for failure to obey its order to make return—and suit having been brought in that court on the bond it had jurisdiction thereof—nor was its jurisdiction in any wise affected by the proceedings in the County Court set up in the first additional plea.

We are of opinion the demurrer to all the pleas was properly sustained.

It is urged as error that the court on the assessment of damages refused to permit certain testimony offered by appellants " in mitigation of damages " as avowed by counsel at the time. The appellee had offered the affidavit filed for the writ of replevin in which it was stated that the property was worth $2,000, and the appellants sought to show that when the order for return was made it was worth less than that sum. We think the proffered evidence was properly excluded on the ground that the plaintiff in replevin is estopped to deny the value fixed by him in his affidavit for the writ.

He can not be allowed to prove that it was not worth the amount so stated, though the defendant in replevin is of course not bound by such statement, and in action on the bond, may prove a greater value. Wells on Replevin, Secs. 569 and 660; Washington Ice Co. v. Webster, 125 U. S. 426.

We find no error and must affirm the judgment.