PETER P. O'DONNELL *et al.*

*v.*

WILLIAM H. COLBY, Assignee.

*Filed at Springfield November 26, 1894.*

1. REPLEVIN BOND—*when property in defendant is a defense.* The dismissal of a replevin suit for want of jurisdiction does not preclude the plaintiff therein, when sued on the bond, from pleading property in himself, and that the merits were not determined in the replevin suit, in accordance with section 26 of the Replevin act.

2. SAME—*such plea is good against an assignee.* The fact that such original replevin suit was dismissed from the circuit court because the defendant held the property, under control of the county court, as an assignee, and that that court should have been applied to, will not deprive the plaintiff in such dismissed replevin suit, when sued in the circuit court upon the bond, of the defense provided in said section 26, upon the ground that he would thus do indirectly what he could not do directly.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PALMER, SHUTT & DRENNAN, and Mr. BRAND WHITLOCK, for the appellants:

The defendant has the right to introduce evidence, and show the plaintiff has no legal claim to substantial damages.   *Cook* v. *Skelton*, 20 Ill. 107; *Railroad Co.* v. *Holbrook*, 72 id. 419; *David* v. *Bradley*, 79 id. 316; *Madison Co.* v. *Smith*, 95 id. 328; *Briggs* v. *Sneghan*, 45 Ind. 14.

Messrs. PATTON & HAMILTON, for the appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This suit was begun in the circuit court of Sangamon county, by appellee, against appellants.   The action is debt, on a replevin bond.   The declaration sets up the bringing of a replevin suit by O'Donnell, in said circuit court, to recover certain property alleged to have been taken and unjustly detained from him by Colby, and the execution by him of the bond in suit, with Carpenter as surety.   The bond set out is the ordinary replevin bond provided for by our statute.   The declaration is in the usual form of a count in debt on a replevin bond.   The only breach assigned is: "and thereupon, afterwards, in the November term, 1886, of the said court, it was considered by the said court that the said O'Donnell should take nothing by his said writ, and that the plaintiff, W. H. Colby, should go thereof without day, and should have a return of the goods and chattels aforesaid; and the plaintiff avers that the said O'Donnell did not make return of the goods and chattels, but hitherto refused, and still refuses, so to do, whereby an action has accrued to the plaintiff to demand of the defendants, etc., yet the defendants, though requested, have not paid," etc.   To

this declaration the defendants filed two pleas, setting up title in the property claimed in the replevin suit, in O'Donnell, and averring that the merits of the case had not been determined in the trial of the action in which the bond was given. To these pleas a demurrer was overruled, and the plaintiff excepted and elected to stand by his demurrer. Thereupon the court entered judgment in favor of the plaintiff for nominal damages only, and he appealed to the Appellate Court for the Third District. There the judgment of the circuit court was reversed for error in overruling the demurrer to said pleas. (38 Ill. App. 196.) On the remandment of the case the defendants filed a sworn plea to the jurisdiction of the court, on the ground that, inasmuch as the plaintiff claimed the property replevied as assignee under a voluntary deed of assignment, the county court of Sangamon county had exclusive jurisdiction of this action. On demurrer that plea was held bad, and the defendants excepted, but, on leave to file additional pleas, refiled the two original pleas and one or more new ones. All these were held bad on demurrer, and the defendants electing to stand by their pleas, evidence was heard and judgment entered against them for the full amount of the bond and costs of suit. The Appellate Court has affirmed that judgment, and the defendants below prosecute this appeal.

Several rulings of the trial court are here assigned for error, but in our opinion the only substantial question raised which goes to the merits of the case is, did the circuit court err in sustaining the demurrer to the pleas setting up title to the replevied property in O'Donnell, and alleging that the merits of the replevin suit had not been determined in the trial of that action.

Section 25, chap. 119, of the Revised Statutes, entitled "An act to revise the law in relation to replevin," provides : "If at any time the condition of the bond required by section 10 * * * of the act shall be broken, an action may be brought thereon for the recovery of all

such damages and costs as may have been sustained in consequence of the breach of such condition." By section 26: "Where the merits of the case have not been determined in the trial of the action in which the bond was given, the defendant in the action upon the replevin bond may plead that fact, and his title to the property in dispute, in said action of replevin."

In stating why the merits of the replevin case were not tried, the pleas in question allege, in substance, that the circuit court in which that suit was brought, following the decision of the Appellate Court, (17 Ill. App. 473,) held that it had no jurisdiction to hear and determine the replevin suit, and did order and adjudge that said O'Donnell should take nothing by his suit,—in other words, that the merits of the case were not determined in the trial of that action because the court in which it was pending decided that it had no jurisdiction of the case,— and this allegation seems to be made the sole ground upon which the pleas were held bad, first by the Appellate Court, and finally by the circuit court. Counsel for appellee have furnished us no brief or argument in support of that ruling, but seem to rely wholly upon the decision and reasoning of the Appellate Court in that behalf. When the question was first before that court, (38 Ill. App. 196,) it said: "We are of the opinion that the 26th section of chapter 119 of the Revised Statutes, giving the defendant, when sued upon a replevin bond, the right to try the title to the property in dispute when the merits of the case have not been determined in the trial of the action in which the bond was given, necessarily implies that the court in which the original suit in replevin was tried had the power and jurisdiction to hear and determine the merits of the controversy. If it did not, and therefore the writ of replevin had been improperly issued from such court, the property must be returned to the possession of the one from whom it was taken by the wrongful issue of the writ." The scope of the decision is,

that a defendant in a suit upon a replevin bond cannot avail himself of the defense given by section 26, *supra,* if it appears that the merits of the action in which the bond was given have not been determined because the suit was brought in the wrong court. No authority is cited in support of this conclusion, and we believe none can be found. In our opinion the reasoning upon which it is based is unsound. Section 26 does not limit the defense to any class of cases in which the merits have not been tried. Under it, the availability of the defense in no way depends upon the cause of the failure to determine the merits of the case. Neither is it confined to actions upon bonds in any particular court, and we know of no rule of law which authorizes a court to read into a statute limitations or qualifications not therein expressed, and, upon such added restrictions, hold a plea bad which conforms to all the requirements of the law. It was doubtless the duty of the circuit court, as is said, on the facts shown, to enter its judgment for a return of the property. It does not follow, however, as held by the Appellate Court, that the judgment must be obeyed, and the property actually returned, to entitle the plaintiff to the defense given him by section 26, when sued on his bond. Section 22 of chapter 119 provides: "If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property," etc. A failure to obey that judgment amounts to a breach of the bond, and is so declared upon in this suit, as authorized by section 25, *supra.* But by section 26, even where there is such a breach, the defendant in an action upon the bond may plead his title to the property in dispute, and that the merits of the case have not been determined. Of what avail would a defense under that section be, if the property must be in fact returned?

It is said, however, that having improperly used the process of the circuit court to obtain possession of the property, he must return it. If the defendants must be deprived of the defense given by section 26 because O'Donnell made a mistake in selecting the court in which to bring his replevin suit, we are unable to see why the defense should not be denied in every case in which a plaintiff in a replevin suit fails to prosecute his suit with effect, suffers a non-suit or discontinuance. In all such cases he improperly uses the process of the court to get possession of the property. He may, nevertheless, when sued on his bond, set up this defense. (*Chinn et al.* v. *Mc-Coy*, 19 Ill. 604.) All that can be said, from the facts appearing in this record, as to the conduct of O'Donnell in bringing his replevin suit, is that, in view of the fact that the property was in the hands of an assignee under a voluntary assignment, he mistook his remedy.

Another reason assigned for holding these pleas bad is, that otherwise the plaintiff in the replevin suit can do indirectly what he could not do directly,—that is, try the question of the title to the property in the circuit court, when the law permits that question to be determined alone in the county court. As before said, we are at a loss to perceive how such a consideration can properly arise on a demurrer to the pleas. But if it could, in our opinion it furnishes no sufficient reason for holding the pleas bad. The defendants did not select the court in which this action should be brought. They were compelled to come into the circuit court to answer in damages for an alleged breach of their bond. They seek to set up a defense clearly given them by the statute as to a part of those damages, cognizable in the court in which they were sued. Why should they be deprived of the benefits of that defense because it will involve an issue which, in another form of action, would be triable only in another court? To sustain the pleas is but to give the defendants the benefit of the plain provisions of the stat-

ute, and, so far as this record shows, do no injustice to the plaintiff. If there are reasons, growing out of the peculiar facts of this case, why the defense should not be allowed, certainly those facts do not appear from the declaration and pleas, and cannot therefore be made the grounds of demurrer.

We are clearly of the opinion that the circuit court erred in sustaining the demurrer to these pleas, and for that error its judgment should have been reversed by the Appellate Court.

The judgment of the Appellate Court will be reversed, and the cause will be remanded to the circuit court for further proceeding consistent with this opinion.

*Reversed and remanded.*