## Lyon & Healy v. James Pease, for the use, etc.

1. APPELLATE COURT PRACTICE—*Matters Which Can Not Be Raised in this Court for the First Time.*—The point that the trial court was without jurisdiction to try the case until jurisdiction was acquired of the person of one of the defendants, when the abstract fails to show that said person was a defendant in the court below, and no objection was made in that court, can not be raised for the first time in this court.

2. REPLEVIN BOND—*Nominal Damages and Judgment for Costs.*— Where the plaintiff in replevin dismisses his suit or suffers a nonsuit without a trial on the merits, he may show, in an action on the bond in mitigation of damages, that the property involved was in fact his property, and upon such showing being made, there can be recovery only for nominal damages.

3. REPLEVIN—*Practice in.*—The right to show, in an action on the bond, that the merits of the suit were not tried in the replevin suit, is given by statute. (Hurd's R. S., Ch. 119, Sec. 26.)

Debt, on replevin bond. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1899. Reversed. Opinion filed January 4, 1900.

CRATTY, JARVIS & CLEVELAND, attorneys for appellant.

It has been repeatedly held that where the replevin suit was dismissed, or the plaintiff took a nonsuit without a trial on the merits, in an action on the bond, if it was shown in mitigation of damages that the property involved in the replevin suit was in fact the property of the plaintiff in that suit, the only recovery that could be had in the action on the bond was nominal damages.

In such cases there is most clearly a breach of the bond, a failure to prosecute the suit with effect and without delay, and make a return of the property, if return thereof should be awarded. This condition is broken in such a case, yet for such a breach there can only be a recovery of nominal damages. Chinn v. McCoy, 19 Ill. 604; Schweer v. Schwabacher, 17 Ill. App. 78; Webber v. Mackey, Nisbet & Co., 31 Ill. App. 369.

At common law, if the plaintiff failed on the issues on

the pleas of *non cepit* and *non detinet*, the plaintiff could not under any circumstances have a judgment in his favor for the property. The issues on these pleas being found for the defendant, the judgment of property in defendant followed as a legal consequence.

The common law in this respect is modified by our statute, by which it is provided that a judgment may be in favor of the plaintiff for the right of property, if it shall appear on the trial that he was entitled to the property, though at the time it was taken on the writ he was not entitled to the same, and the suit was wrongfully commenced. Farwell v. Hanchett, 120 Ill. 573.

"If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a nonsuit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs and such damages as the defendant shall have sustained; or, if the property was held for the payment of any money, the judgment may be in the alternative, that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property." R. S., Ch. 119, Sec. 22.

LEOPOLD M. STERN, attorney for appellee.

A plaintiff in replevin fails to maintain his action when there is a verdict finding the defendant not guilty. The court, in entering judgment on such a verdict, should not, however, award a *retorno*. Mattson v. Hanisch, 5 Ill. App. 102; Bourk v. Riggs, 38 Ill. 321; Hackett v. Jones, 34 Ill. App. 562.

A verdict for the defendant is in effect a finding that the plaintiff unlawfully took the property, and that there has been a breach of the replevin bond, in that the action has not been prosecuted with effect. Cobby on Replevin, Sec. 1260.

In an action on the replevin bond, where the merits of a replevin suit have not been determined, the defendant may

prove his title in *mitigation* of damages.    Stevison v. Earnest, 80 Ill. 531.

The Appellate Court will not review a question of law that might have arisen before a court trying a case without a jury, unless formal propositions of law were prepared and submitted and exceptions preserved to the rulings of the court thereon.    The Merrimac Paper Co. v. Ill. Trust & Savings Bank, 129 Ill. 296; County of La Salle v. Milligan, 143 Ill. 321; Hall v. Cox, 144 Ill. 532; First National Bank v. Haskell, 124 Ill. 587.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant, Lyon & Healy, a corporation, brought replevin in the Circuit Court against P. Gross and David Stern, to recover certain goods and chattels, and executed its replevin bond, with Thomas Cratty as surety, to James Pease, sheriff of Cook county, conditioned as follows :

" Now, if the said Lyon & Healy, plaintiff, shall prosecute its ·suit to effect, and without delay, and make return of said property, if return thereof shall be awarded, and save and keep harmless the said sheriff in replevying the said property, and pay all costs and damages occasioned by wrongfully suing out said writ of replevin, then this obligation to be void, otherwise to remain in full force and effect."

The declaration consisted of two counts, the first, that the defendants wrongfully took and wrongfully detained; and the second, that they wrongfully detained the said goods, etc.    Both defendants filed pleas of *non cepit* and *non detinet;* property in defendants; property in said Gross; property in said Stern; property in said Stern by force of a chattel mortgage given by P. and N. Gross to secure $300, and that Stern, feeling himself unsafe and insecure, as provided by the mortgage, had the right to take immediate ·possession of the said goods, etc.    Issues were made on all the pleas, and afterward the defendants filed an additional plea that said Stern loaned P. and N. Gross $300, and took a mortgage therefor on said goods, which mortgage was duly executed and recorded at the time of the taking, and that there was due on the mortgage $300, and by reason

thereof Stern had a lien on said goods, etc. To this additional plea plaintiff replied double, setting up six several replications upon which issues were made.

The cause having been dismissed as to David Stern, was tried before the court, a jury having been waived, and the court found "the defendant not guilty, but the right to the possession of the property in plaintiff," and gave judgment "that the defendant do have and recover of and from the plaintiff his costs and charges in this behalf expended, and have execution therefor. It is further considered by the court that the plaintiff do have and retain the property replevied herein by virtue of the writ of replevin issued in said cause." This judgment for costs was satisfied by the plaintiff, and thereafter this suit was begun before a justice of the peace by Pease, for the use of P. Gross against Lyon & Healy, on which judgment was rendered against the latter for $60 damages, from which judgment an appeal was prosecuted to the Circuit Court, where, upon a trial before the court, without a jury, there was a finding for the plaintiff, and damages assessed at $30, from which Lyon & Healy have prosecuted an appeal to this court.

It also appears that an appeal summons was issued, addressed to the coroner, to summon Thomas Cratty, impleaded with Lyon & Healy, which was served upon said Cratty by delivering a copy thereof to him, but it nowhere appears from the abstract that Cratty was a defendant, either in the justice court or in the Circuit Court.

By assent of the parties, by their respective counsel, the trial judge certified that the following question of law arose and was determined by the court on said trial, to wit: "Whether the said James Pease, for the use of P. Gross, was entitled to recover on the said bond, as damages thereon, attorney's fees for services rendered the said P. Gross in defending the said replevin suit, that is, whether there had been such a breach of the condition of said bond as would entitle the said P. Gross to recover attorney's fees for services incurred by him in and about the defense of said replevin suit, or any of the issues therein," and that said

question and the decision of the court thereon was certified to this court for its review, in conformity with the statute in such case made and provided.

The point is made by appellant that the court was without jurisdiction to try said cause until jurisdiction was acquired of the person of Thomas Cratty. As we have seen, the abstract fails to show that Cratty was a defendant either in the justice court or the Circuit Court, and no objection was made in the court below as to the matter now raised. It can not be raised for the first time in this court, and even if it could, there was no error in not bringing in Cratty, as he does not appear to have been a party to the judgment before the justice nor in the Circuit Court. Fabri v. Cunio, 1 Ill. App. 240; Bell v. Bruhn, 30 Ill. App. 300.

The only other question raised which we deem necessary to be considered is as to whether there was such a breach of the bond as would permit the recovery of attorney's fees as damages. The condition of the bond was that the plaintiff "shall prosecute its suit to effect, and without delay, and make return of said property, if return thereof shall be awarded, and save and keep harmless the said sheriff in replevying the said property, and pay all costs and damages occasioned by wrongfully suing out said writ of replevin, then this obligation to be void; otherwise, to remain in full force and effect."

It is not contended by the appellee that there was any breach of the bond, except as to the condition to prosecute the suit to effect and without delay, and appellant's counsel impliedly concede that there is a breach in this respect. We are inclined, however, to the opinion there was no breach, because it can not be said that though the plaintiff failed on two of the issues presented when he was successful on the remaining issues, all involving the title to the property or a right to the possession of the property at the time the suit was commenced, it failed to prosecute its suit to effect. Whether the plaintiff was successful in the prosecution of his suit must be determined, not by his fail-

ure to maintain some of the issues, but by what was the result of the trial on all the issues. It succeeded in maintaining its right to the possession of the property by the finding and judgment of the court, and that was the very gist of the action. There is nothing in this record to show affirmatively that the plaintiff, by anything which occurred after the commencement of the suit, became entitled to the right to the possession of the property, and therefore, under the judgment on that issue, it can not be said that the writ of replevin was wrongfully sued out.

But, however that may be, in no event was appellee entitled to more than nominal damages, which would carry a judgment for costs. Where the plaintiff in replevin dismisses his suit or suffers a nonsuit without a trial on the merits, he may show, in an action on the bond, in mitigation of damages, that the property involved was in fact his property, and upon such showing being made, there can be recovered only nominal damages. Chinn v. McCoy, 19 Ill. 604; Hanchett v. Gardner, 138 Ill. 577; O'Donnell v. Colby, 153 Ill. 324–9; Schweer v. Schwabacher, 17 Ill. App. 78; Weber v. Mackey, 31 Id. 369–75; Hertz v. Kaufman, 46 Id. 591.

This right to show that the merits of the suit were not tried in the replevin suit is given by statute. (Hurd, Ch. 119, Sec. 26.)

If, then, the plaintiff is only liable for nominal damages, when confessedly there has been a breach of the bond by dismissing his suit or his suffering a nonsuit, when he can show his right to the property, the case at bar is much stronger, because here the merits in that regard have been found and a judgment rendered in its favor on that issue.

We are of opinion that no attorney's fees should have been assessed in appellee's favor, and since it appears that the costs in the replevin suit have been paid, and appellee, at most, could only be entitled to nominal damages, the judgment of the Circuit Court is reversed.