### Edward W. Hillis v. Elizabeth Asay.

1. VOLUNTARY ASSIGNMENTS—*No Other Court Can Interpose When the Jurisdiction of the County Court Has Once Attached.*—In the matter of voluntary assignments, when the jurisdiction of the County Court has once attached, no other court has the right to interpose, for the purpose of adjusting any claims with respect to the property assigned or of administering the insolvent's estate, except, perhaps, under special circumstances a court of equity may intervene to prevent a failure of justice. In cases of concurrent jurisdiction the court which first obtains it will have precedence.

2. SAME—*Assignee is a Trustee for Creditors.*—Under a voluntary general assignment for the benefit of creditors the assignee becomes a trustee for the creditors and the assignment creates a trust relation.

3. SAME—*Degree of Care to be Exercised by Assignee.*—All that the law requires of the assignee is that he use ordinary and reasonable diligence in the execution of his trust. If any portion of a stock in his care is stolen he will not be responsible for the loss, unless it can be shown that it was through his culpable negligence.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed. Opinion filed February 13, 1903.

JAMES A. PETERSON, attorney for appellant.

W. S. NEWBURGER, attorney for appellee; BENJAMIN LEVERING, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a replevin suit brought by appellee to recover two seal-skin capes which it is alleged were wrongfully taken and detained by appellant. The declaration contains three counts, the first two of which charge the wrongful taking and detention, and the third is a count in trover. The property was not recovered on the replevin writ, and upon the trial, judgment was rendered upon the verdict of the jury in favor of appellee for $325.

It appears from the evidence that James W. Bishop, doing business as J. A. Bishop & Co., made an assignment on the 7th day of November, 1898, to appellant, Hillis.

Prior to the time of such assignment appellee claims to have left at the store of Bishop & Co. two seal-skin capes to be made over into a seal-skin coat, for which alterations she states she agreed to pay Bishop & Co. $65. It is claimed that the garment was lost or stolen and this action is brought against appellant individually to recover the alleged value of the coat.

Appellee's testimony is to the effect that three weeks after she left the material with Bishop & Co., she called and had the coat fitted, and three days before the assignment she was there again and tried on the coat. The next time she called she found the place closed and in appellant's possession as assignee. She saw Bishop, who sent her to appellant. She says the latter told her the coat had been in his possession, but was missing. It is not necessary to recite her testimony, but while she states that the coat was in appellant's possession, it is evident that she has no personal knowledge as to whether it ever was or not. She assumes that it was, because, as assignee, he was in possession of the property of Bishop & Co. covered by the deed of assignment. There is no evidence that appellant in person ever saw the missing garment or had anything to do with it. Appellee dealt wholly with Bishop in relation to the coat, both before and after the assignment, except that she had a conversation with appellant. She says that Bishop told her the garment had been brought into the store after the assignment and was there on a table; that when he turned around it was gone. One of plaintiff's witnesses, an employe in the store, testifies that after appellant took possession as assignee, she saw the garment in question lying on a table in the store of the assignor and had a conversation with Mr. Bishop, telling him that she better put it away, to which Bishop replied, "Never mind, leave it there; she will be in, perhaps, in an hour or so to have a fitting." That was the last the witness saw of it.

Appellant testifies that he never saw the garment, that it never came into his personal custody or possession, and in this he is in no way contradicted. He says he told appel-

Hillis v. Asay.

lee when she called on him that he could do nothing about it without an order of court, and if the court should order him to give her a jacket in place of the one missing, he would have to do it, but that he was in no way personally responsible for its loss.

Appellee's attorneys introduced in evidence the deed of assignment from Bishop & Co. to appellant. It is conceded that the coat in controversy was brought to the store after the assignment and before appellant as assignee had moved the stock of goods assigned to him, out of the store which had been occupied by the assignor. The employes there at that time were in his employ as assignee. There was a charge of $65 due from appellee before she was entitled to possession of the garment. This money was due to the estate of Bishop & Co., and to appellant only in his capacity as assignee of that estate. If appellant had possession of the garment pending payment of the bill for alterations, his possession was that of an assignee. The lien of Bishop & Company for the charges had been transferred to appellant by the assignment. It is well settled law that he could not be sued in the Circuit Court in replevin or trover for property which came into his possession as such assignee. The County Court having acquired jurisdiction, the Circuit Court had no right to interfere. Hanchett v. Waterbury, 115 Ill. 220; Colby v. O'Donnell, 17 Ill. App. 473; Freydendall v. Baldwin, 103 Ill. 325–329.

In the first of the above cases, a replevin writ was sued out against an assignee for the recovery of certain goods, embraced in an assignment under the insolvent debtor's act. The County Court having jurisdiction of the assignment entered an order restraining the sheriff from executing a writ of replevin, and the Supreme Court said (page 229): "What we intend to hold, and do hold, is, that in the matter of voluntary assignments, when the jurisdiction of the County Court has once attached, no other court has the right to interpose, for the purpose of adjusting any claims with respect to the property assigned or of administering the insolvent's estate, except, perhaps, under special circum-

stances a court of equity may intervene to prevent a failure of justice. In thus holding we simply recognize and give effect to the familiar and long established rule that in cases of concurrent jurisdiction the court which first obtains it will have precedence." It is true that in the cases referred to, the parties who sued out the replevin writs claimed to be owners of a part of the goods covered by the assignment, and in this case it is claimed that the coat in question was not a part of the property covered by the assignment, but came into the possession of the assignees subsequently, as bailee. If, however, appellant, as assignee, was entitled to receive and hold the coat until the charges of Bishop & Company should be paid, then it was in his possession as assignee, and the rule as above stated should be applied. If, on the other hand, it is sought to charge him with personal liability as bailee, then it should appear that either he or some one authorized in his personal behalf received the coat in controversy and wrongfully detains it or has wrongfully permitted it to be lost or stolen. There is no such evidence in this case. The coat was received by Bishop and there is no evidence that the latter had any authority to represent or act for appellant in any personal matter. So far as appears, Bishop had no more authority to so act in receiving the coat than he had to sign or indorse a note in appellant's name.

Under a voluntary general assignment for the benefit of creditors the assignee becomes a trustee for the creditors and the assignment creates a trust relation. (Bradner Smith & Co. v. Williams, 178 Ill. 420–424.) In Hanchett v. Waterbury, *supra*, it is said that " the assignee's relation to the court is analogous, in some respects, to that of a receiver, or of an assignee in bankruptcy." Suits against receivers " are really and substantially suits against the fund or property of which they are custodians. They represent the property or fund. If judgment be against them the court orders it to be satisfied out of the fund or property." McNulta v. Lockridge, 137 Ill. 270–281. In Johnston v. Keener, 23 Ill. App. 220–223, it is said: " If any

portion of the stock was stolen, the receiver would not be responsible for the loss, without it could be shown it was through his culpable negligence. * * * All that the law required of the receiver was that he should use ordinary and reasonable diligence in the execution of his trust." Applying these principles to the case of an assignee, a judgment against him as such, would have to be satisfied out of the property in his hands as assignee, and such matters are, as we have said, subject to the summary jurisdiction of the County Court. An action in replevin or trover will not lie. This case, therefore, had no business in the Circuit Court, and that court had no jurisdiction to render the judgment complained of.

Objection is made that the damages are excessive. This may be true. But in view of the conclusions stated it is not necessary to consider other alleged errors. The judgment of the Circuit Court is reversed, with a finding of facts.